■ In the Matter of Triborough Bridge and Tunnel Authority, Appellant, v Triborough Bridge and Tunnel Authority Bridge and Tunnel Officers Benevolent Association, Respondent. [857 NYS2d 116]—

Order and judgment (one paper), Supreme Court, New York County (Marcy S. Friedman, J.), entered April 5, 2007, which denied petitioner Triborough Bridge and Tunnel Authority's petition to vacate an arbitration award directing the Authority to cease and desist from requiring members of respondent Bridge and Tunnel Officers Benevolent Association to take a break of four hours between the end of a regular shift and the commencement of a voluntary eight-hour overtime shift, and dismissed the proceeding, unanimously affirmed, without costs.

While the Public Authorities Law empowers the Authority to "acquire, design, construct, maintain, operate, improve and reconstruct" the bridges and tunnels under its jurisdiction (§ 553 [9]), and to appoint bridge and tunnel officers (BTOs)

and fix their compensation, subject to the provisions of the Civil Service Law (§ 553 [7]), it does not expressly empower the Authority to decide how long BTOs can safely work without a break, or otherwise prohibit, "in an absolute sense," an arbitrator from making that decision (*see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d 1, 11-12 [2002]). Accordingly, the public policy exception to the scope of an arbitrator's power to resolve disputes does not apply (*see generally id.* at 6-7). Nor does it appear that the power claimed by the Authority is conferred on it by any contract or rule or regulation, such as might warrant a finding that the arbitrator wrote a new contract for the parties or otherwise exceeded his authority (*see Matter of Local 333, United Mar. Div., Intl. Longshoreman's Assn., AFL-CIO v New York City Dept. of Transp.*, 35 AD3d 211, 214 [2006], *lv denied* 9 NY3d 805 [2007]). Indeed, the parties' collective bargaining agreement provides that it consists not only of its express terms but also "past practices imbedded in the present understanding of the contract." Thus, the award was rationally based on a finding of a past practice requiring only a one-hour break between shifts. We have considered petitioner's remaining contentions and find them unavailing. Concur—Lippman, P.J., Saxe, Buckley and Acosta, JJ. [*See* 2007 NY Slip Op 30076(U).]